# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50288
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN COCKERHAM,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-511-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

John Cockerham, federal prisoner # 97305-180, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his post-judgment motion for recusal. By moving to proceed IFP, Cockerham is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5). Our inquiry into an appellant's good faith "is limited

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Cockerham argues that the district judge should have recused himself from the 28 U.S.C. § 2255 proceeding, at which Cockerham challenged his convictions on offenses he committed while he worked on contracts and purchasing agreements in his capacity as a major in the United States Army. He contends that the district judge had a predisposed view of his case, as shown by his determination that the district court had jurisdiction, by his imposition of a sentence of imprisonment that was harsher than those received by similarly situated defendants, and by his comments at the sentencing hearing regarding his prior military service. Cockerham also contends that the district judge should have recused himself because he improperly participated in plea negotiations during an off-the-record discussion at the sentencing hearing.

A party may request the recusal of a judge if the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or if "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a), (b)(1); *see Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). We review the denial of a motion to recuse for an abuse of discretion. *See Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999).

The district court's imposition of sentence, standing alone, is not sufficient to establish bias. *See Liteky v. United States*, 510 U.S. 540, 545 (1994). Neither the district judge's brief reference to his military service, nor his reaction to Cockerham's attempt to explain his illegal conduct, would cause a reasonable person to harbor legitimate doubts about the judge's impartiality.

No. 13-50288

*See Andrade*, 338 F.3d at 454-55.  To the extent that Cockerham's argument for recusal relies on the assertion that the district court improperly participated in plea negotiations, it is unsupported by the record.

Cockerham has failed to show that the district court erred in certifying that his appeal was not taken in good faith, and his IFP motion is denied.  *See Baugh*, 117 F.3d at 202.  The instant appeal is without arguable merit and is dismissed as frivolous.  *See id.* at 202 n.24; 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.